230 So.2d 63 (1969)
B.L. SHOWS, Individually, and as Father and Next Friend of Glenn Shows, a Minor,
v.
William T. FREEMAN, Principal of New Augusta Attendance Center.
No. 45568.
Supreme Court of Mississippi.
December 22, 1969.
Lawrence D. Arrington, Hattiesburg, for appellant.
William W. Wicht, Jr., James Finch, Hattiesburg, for appellee.
ETHRIDGE, Chief Justice:
This is an appeal from a decree of the Chancery Court of Perry County, which dissolved a temporary injunction enjoining William T. Freeman, Principal of New Augusta Attendance Center, from preventing Glenn Shows, a thirteen-year old, eighth grade student, attending that public school as a student. Glenn had been suspended from school because he violated a rule promulgated by the principal that male students should not wear their hair longer than two inches, or two finger widths, above the eyebrows.
In August 1968, the Board of Trustees of the New Augusta Attendance Center passed a resolution delegating to the principal of the school the discretion to decide whether "a student's hair is too long." Subsequently Principal Freeman discussed this matter with the Perry County School Board and the Board of Trustees of the Attendance Center. These agencies directed Freeman to make reasonable rules, and he discussed orally with the Board of *64 Trustees the particular restriction about hair length.
At the opening of school in September 1968, notice was given to all enrolled students of the specific policy of the principal. After several requests and warnings, the principal suspended Glenn Shows because, he said, he had wilfully refused to comply with the rules and policies of the school by permitting his hair to extend to a length in violation of the adopted rule. On October 16, 1968, the day after the suspension, Glenn's father, on his behalf, filed a petition for writ of injunction, and the chancellor issued a temporary injunction without notice, enjoining Freeman from preventing Glenn attending the school. Subsequently a motion to dissolve the temporary injunction was sustained in a final decree.
The Board of Trustees of a school district has the power "to suspend or expel a student for misconduct in the school * * *," and it may "assist the superintendent, principal and teachers where necessary for the proper discipline of the school. * * *" Miss.Code 1942 Ann. § 6328-24 (Supp. 1968). Provided there is some rational basis for a rule by school authorities, the courts will not pass upon its wisdom or desirability. Unusual male hair styles may disrupt and impede maintenance of proper classroom atmosphere or decorum. Although a rule of this type may affect the private lives of students outside as well as in school, this was not an improper invasion of family privacy, which must give way to the rights and the interests of the community, teachers, and other students in an adequately disciplined and efficient school system. The purpose of a school is to educate, and school administrators have the duty to prevent disruptions of an atmosphere of learning. This essentially has been the rationale of the several courts from other states which have considered similar issues. Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir.1968); Davis v. Firment, 269 F. Supp. 524 (E.D.La. 1967); Akin v. Board of Education of Riverside Unified School District, 262 Cal. App.2d 161, 68 Cal. Rptr. 557 (1968); Leonard v. School Committee of Attleboro, 349 Mass. 704, 212 N.E.2d 468, 14 A.L.R.3d 1192 (1965); see generally Goldstein, The Scope and Sources of School Board Authority to Regulate Student Conduct and Status: A Nonconstitutional Analysis, 117 U.Pa.L.Rev. 373 (1969); Cf. Wright, The Constitution on the Campus, 22 Vand.L.Rev. 1027 (1969).
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.